UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | No. 4:25-cr-0399-10 |
| | § | |
| RAUL CLAROS SARMIENTO | § | |

**OPPOSED MOTION TO SUBSTITUTE COUNSEL**

Raul Claros Sarmiento respectfully makes known to the Court that he desires to substitute Javier O. Martinez as his attorney of choice in place and instead of Stephen Touchstone. The government is opposed to the motion. Mr. Touchstone, who is current counsel for Mr. Sarmiento, is unopposed.

I.

Mr. Sarmiento is charged in an indictment with 15 other people. Specifically, Mr. Sarmiento is charged in Count 4 and Count 7. In Count 4, the government alleges that Mr. Sarmiento engaged in the selling of a firearm without a license. He is the only defendant charged in that count. In Count 7, Mr. Sarmiento is charged with 5 other individuals in a cocaine distribution conspiracy.

The government believes that Counsel has a potential conflict representing Mr. Sarmiento because Counsel represents Peter Davila, Defendant Number 3 in the same indictment. Counsel was appointed to represent Mr. Davila on July 1, 2025. Counsel represented Mr. Davila at his detention hearing on July 7, 2025.

Mr. Davila is charged in Count 6 of the indictment with conspiracy to distribute cocaine. While other Defendants are charged in Count 6, Mr. Sarmiento, the subject of this motion, is not one of them. The evidence at Mr. Davila's detention hearing did not reveal that Mr. Davila and Mr. Sarmiento knew or dealt with one another.

## II.

Counsel expects that the government will want to proceed cautiously and request a *Garcia* hearing based on Counsel's joint representation of Mr. Davila and Mr. Sarmiento. Indeed, the government has advised that they intend to ask the Court to explain to the Defendants the potential perils of joint representation. In addition, the government will ask that the Court determine whether any waiver was made intentionally and knowingly.

For background, a court need only conduct a *Garcia* hearing if there is an *actual* conflict of interest. *United States v. Carpenter*, 769 F.2d 258, 263 (5th Cir. 1985) (emphasis added). However, there is some indication from the Fifth Circuit that the Court has discretion to conduct a *Garcia* hearing even if the perceived conflict is only a "potential" conflict. *United States v. Crittenden*, 115 F.4th 668, 671–72 (5th Cir. 2024). Nonetheless, joint representation of Defendants in a single case "does not necessarily create a conflict of interest." *United States v. Rico*, 51 F.3d 495, 508 (5th Cir. 1995).

2

Counsel does not believe that an actual or potential conflict of interest exists here. For example, the indictment alleges that Mr. Sarmiento and Mr. Davila were involved in separate conspiracies with different people. In addition, the evidence at Mr. Davila's detention hearing did not reveal that Mr. Davila and Mr. Sarmiento dealt with one another.

While some witnesses and Defendants may overlap, all available evidence up to this point does not indicate that Mr. Sarmiento and Mr. Davila were involved with one another in their respective counts.

### III.

Counsel does not object to the Court conducting a hearing asking the government why they believe a conflict of interests exists. *See United States v. Lozano*, 640 F. App'x 326, 328 (5th Cir. 2016) (stating that the court only needs to conduct a *Garcia* hearing after the existence of a conflict of interest has been established).

But even if a conflict does exist, the defendants may nonetheless choose to proceed with conflicted counsel if the Defendants validly waive their right to conflict free representation. *United States v. Brown*, 553 F.3d 768, 799 (5th Cir. 2008).

In the event the Court finds that a conflict exists, Counsel requests that the Court inquire of the Defendants if they wish to waive their right to conflict free representation. Counsel believes that both Defendants will enter a waiver.

IV.

And so, Counsel respectfully requests that the Court (1) grant this motion and permit substitution, or, in the alternative, (2) conduct a *Garcia* hearing if the Court believes a conflict exists.

Should the Court find that a conflict exists, Counsel asks that the Court inquire whether the Defendants wish to waive their right to conflict-free representation.

Respectfully submitted,

*/s/ Javier O. Martinez*
JAVIER O. MARTINEZ
Federal ID No. 2164819
1001 McKinney St., Suite 1600
Houston, Texas 77002
Telephone: (713) 228-8500
Email: jom@martinezcriminaldefense.com

Attorney for Defendant,
RAUL CLAROS SARMIENTO

APPROVED BY:

**/s/ Stephen Touchstone*
STEPHEN TOUCHSTONE

**/s/ Raul Claros Sarmiento*
 RAUL CLAROS SARMIENTO

* SIGNED WITH PERMISSION

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | No. 4:25-cr-0399-10 |
| RAUL CLAROS-SARMIENTO | § | |

## **CERTIFICATE OF CONFERENCE**

On July 28, 2025 Counsel for Defendant conferred with Assistant United States Attorneys Casey Macdonald and Anibal Alaniz. They oppose this motion. Mr. Touchstone does not oppose this motion.

/s/ Javier O. Martinez
JAVIER O. MARTINEZ

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties

/s/ Javier O. Martinez
JAVIER O. MARTINEZ